UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN BALLENTINE,

                    Plaintiff,

          -against-

DEPARTMENT OF HEALTH AND HUMAN
SERVICES; FOOD AND DRUG
ADMINISTRATION; NATIONAL INSTITUTE
OF MENTAL HEALTH; NYS OFFICE OF
MENTAL HEALTH; NYC DEPARTMENT OF
HEALTH AND MENTAL HYGIENE; CITY
OF NEW YORK; STATE OF NEW YORK;
BRONX CARE MEDICAL SYSTEM; ST.
BARNABUS MEDICAL CENTER,

                    Defendants.

25-CV-5608 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the court's federal-question

jurisdiction, alleging that Defendants violated his constitutional and statutory rights. By separate

order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. He names as defendants a series of federal, state, and local entities—namely,

the Department of Health and Human Services ("HHS"), the Food and Drug Administration

("FDA"), the National Institute of Mental Health ("NIMH"), the New York State Office of

Mental Health ("OMH"), the New York City Department of Health and Mental Hygiene

("DOHMH"), the City of New York, the State of New York, an entity that he names "Bronx

Care Medical System," and St. Barnabus Medical Center.

For the following reasons, the Court dismisses the amended complaint, with 30 days'

leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Iqbal*, 556 U.S. at 678-79. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

2

**BACKGROUND**

The following facts are drawn from the amended complaint, which Plaintiff filed on February 6, 2026.[1] Plaintiff, a "mixed-race male of African descent," states that from 2009 to 2025, he "was subjected to a systematic pattern of mistreatment by healthcare providers who were direct or indirect contractors of the United States government, including those affiliated with HHS, FDA, and MIMH." (ECF No. 1, at ¶¶ 5, 7.) He alleges that these providers "administered medications to [him] based on falsified diagnoses, over-diagnoses, and motivations driven by financial gain rather than medical necessity," and that the providers never advised him about potential side effects of the medications. (*Id*. at ¶¶ 8-9.) Plaintiff further explains:

> Through a multilayered approach, the providers unlawfully and coercively used medications and other treatments to induce behaviors in Plaintiff that artificially aligned with the falsified diagnoses, without his knowledge or consent. These actions were part of a broader scheme involving federal oversight and contracting, violating federal health regulations, constitutional protections, and state/local human rights laws. As a direct and proximate result, Plaintiff suffered physical, emotional, and financial harms[.]

(*Id*. at ¶¶ 7-9, 11-13.)

Plaintiff demands "not less" than $1 million in damages, along with injunctive relief.

**DISCUSSION**

**A.     The federal defendants**

Plaintiff alleges that the federal defendants—HHS, FDA, and NIMH—violated his constitutional and common law rights. The Court first considers Plaintiff's claims that the federal defendants violated his constitutional rights.

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

### 1.    Claims for constitutional violations

Because Plaintiff alleges that his constitutional rights were violated by the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which is "the federal analog to suits brought against state officials under [ ] 42 U.S.C. § 1983," *Iqbal*, 556 U.S. at 675.

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution.[2] *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).

The purpose of an implied *Bivens* action for damages "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Thus, the only proper defendant for a *Bivens* claim is an individual federal official. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency).

---

[2] The Supreme Court has permitted a damages remedy against federal employees under *Bivens* in only three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971), (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and (3) inadequate medical treatment of a sentenced prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). Recently, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). More recently, the Supreme Court held that even if a court finds that a case presents "parallel circumstances" with the three prior cases recognizing a *Bivens* remedy, a court may not find a *Bivens* remedy unless it also decides that there is no rational reason to think that Congress is better equipped to create such a remedy. *See Egbert v. Boule*, 596 U.S. 482, 491-93 (2022) (holding in the context of a Fourth Amendment claim under *Bivens* that "superficial similarities are not enough to support the judicial creation of a cause of action"). Here, Plaintiff's claim bears no resemblance to the three types of *Bivens* actions that the Supreme Court has, in the past, permitted. On this basis alone, the Court must dismiss Plaintiff's claims under *Bivens*.

Moreover, to state a claim under *Bivens*, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Ziglar*, 582 U.S. at 140-41; *Turkmen v. Hasty*, 789 F3d 218, 233 (2d Cir. 2015); *Perez v. Hawk*, 302 F. Supp. 2d 9, 19 (E.D.N.Y. 2004). A defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, to hold a federal official liable under *Bivens*, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

In the complaint, Plaintiff names federal agencies, but not federal officials, as Defendants. Because *Bivens* claims can only be asserted against individual federal officials who were personally involved in the alleged constitutional violations, and because Plaintiff has not done so, Plaintiff's *Bivens* claims must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Federal Tort Claim Act

Plaintiff also asserts common law tort claims against the federal defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). The FTCA provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. 28 U.S.C. § 2675(a); *see Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Such an

5

administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a); *A.Q.C. ex rel Castillo v. United States*, 715 F. Supp. 2d 452, 457 (2d Cir. 2010) (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 720 (2d Cir. 1998)). The requirement that claims be presented to the agency for administrative exhaustion is "jurisdictional, [and] cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *see Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [presentment] results in dismissal of the suit."). Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

In the complaint, Plaintiff does not allege any facts suggesting that he exhausted his administrative remedies with any federal agency before commencing this action. Because the requirement to plead exhaustion of administrative remedies under the FTCA is jurisdictional in nature, and because Plaintiff failed to allege that he exhausted his administrative remedies, this Court lacks jurisdiction of Plaintiff's FTCA claim.[3] The Court therefore dismisses Plaintiff's FTCA claim for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.    The state defendants**

Plaintiff asserts claims against the State of New York and OMH, one of its agencies. The Court liberally construes the complaint as asserting claims against the State of New York and OMH under 42 U.S.C. § 1983.

---

[3] Further, Plaintiff failed to name the United States as a defendant, and in an FTCA case, the only "proper defendant" is the United States. *Holliday v. Augustine*, No. 14-CV-855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). If Plaintiff intends to pursue his FTCA claim in an amended complaint, he must named the United States as a defendant.

6

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. OMH is an "arm[ ] of the state entitled to sovereign immunity." *Dimps v. New York State Office of Mental Health*, 777 F. Supp. 2d 659, 661 (S.D.N.Y. 2011).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York and OMH are therefore dismissed under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## C.      The local defendants

Plaintiff also sues the City of New York and one of its agencies, DOHMH.[4] The Court liberally construes those claims as arising under Section 1983.

The Court must nevertheless dismiss Plaintiff's claims against the City of New York and DOHMH, for failure to to comply with Rule 8. The Court has carefully reviewed the complaint and can find no allegations, well-pleaded or otherwise, directed at the City of New York or

---

[4] The DOHMH is a municipal agency that can be sued in its own name. *See* N.Y. City Charter, Ch. 22, § 564 ("The department may sue and be sued in and by the proper name of 'Department of Health and Mental Hygiene of the City of New York.'"); *Rivera v. Bloomberg*, Nos. 11-CV-629, 11-CV-4325 (PGG), 2012 WL 3655830, at *11 (S.D.N.Y. Aug. 27, 2012) (holding that DOHMH is a suable entity).

DOHMH. Neither entity is mentioned in the "Parties," "Factual Allegations," "Causes of Action," or "Demand for Relief" portions of the complaint. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York and DOHMH for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## D.    The private defendants

Plaintiff sues St. Barnabas Medical Center and Bronx Care Medical System. The Court must nevertheless dismiss those claims for the same reason that it dismissed the claims against the City of New York and DOHMH: failure to comply with Rule 8. Nowhere in the complaint are there any allegations, well-pleaded or otherwise, against St. Barnabas Medical Center or Bronx Care Medical System.

To the extent that Plaintiff may have intended to assert Section 1983 claims against St. Barnabas Medical Center and Bronx Care Medical System, he provides no facts suggesting that they acted under color of law in violating his constitutional rights.[5] The Court therefore

---

[5] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private person or entity may nevertheless be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the person or entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the State provides significant encouragement to the person or entity, the person or entity willfully participates in joint activity with the State, or the person or entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the person or entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

dismisses Plaintiff's Section 1983 claims against St. Barnabas Medical Center and Bronx Care Medical System for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.      Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting, including but not limited to his claims under the New York State Human Rights Law, the New York City Human Rights Law, the New York State Constitution, and the New York City Charter. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FTCA or Section 1983, the Court grants Plaintiff 30 days' leave to file a second amended complaint to detail those claims.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) and Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 12, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

_____

(Plaintiff's name)

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

## A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial            Last Name

_____

Street Address

_____

County, City                          State                     Zip Code

_____

Telephone Number                     Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

---

---

---

---

---

---

---

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.